# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2016

No. 16-10202

Lyle W. Cayce
Clerk

DAVID BLAIR, individually and as next friend of D. O., a minor; CYNTHIA OLIVER, individually and as next friend of D. O., a minor; D. O., a minor,

      Plaintiffs–Appellants,

v.

THE CITY OF DALLAS; JESSE AQUINO, individually and in his official capacities as a Dallas police officer; RICHARD CANTU, individually and in his official capacities as a Dallas police officer,

      Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-1515

Before CLEMENT, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiffs filed suit under 42 U.S.C. § 1983, claiming that Officers Jesse Aquino and Richard Cantu of the Dallas Police Department violated Plaintiffs' Fourth Amendment rights by firing gunshots at David Blair. The district court entered partial summary judgment in favor of the officers and later dismissed Plaintiffs' claims against the City of Dallas. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10202

## I. BACKGROUND

On the evening of October 2, 2013, Aquino and Cantu were patrolling a Dallas neighborhood, mainly looking for criminal activity related to prostitution. The officers were shining a spotlight on the street and sidewalks while driving through the area. Blair was outside his apartment complex talking on his cell phone when the officers passed. When the officers shined the spotlight on Blair, he told the officers to get the light out of his eyes. The officers reversed the car and asked Blair to repeat what he had said. Blair again told the officers to get the light out of his eyes.

After this exchange, Blair went into his apartment. Blair's girlfriend, Cynthia Oliver, and their three-year-old son, D.O., were inside the apartment as well. The officers did not attempt to communicate with Blair at all as he went inside. Instead, the officers exited their patrol car, unholstered their weapons, and approached the apartment complex. The front door of Blair's apartment faced the wall of a neighboring church. As the officers entered the area between the apartment complex and the church, Blair opened the screen door to his apartment and attempted to step outside. Blair was holding a flashlight that had a handle resembling a pistol grip. The officers saw a bright light. They then fired multiple shots at Blair. Blair closed the screen door and was not hit by the officers' gunfire, but Blair, Oliver, and D.O. contend that they were fearful for their lives during the incident.

Plaintiffs Blair, Oliver, and D.O. filed the present action in district court under 42 U.S.C. § 1983, claiming that Aquino and Cantu violated their Fourth Amendment rights by subjecting them to excessive force and wrongful detention. Plaintiffs also brought § 1983 claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), arguing that the City of Dallas violated Plaintiffs' rights by failing to adequately train the officers and enacting policies or tolerating customs within the Dallas Police Department with deliberate

2

indifference to how those policies and customs abridged Plaintiffs' constitutional rights.

In response, the officers filed a motion for partial summary judgment based on qualified immunity. The district court concluded that the officers were entitled to qualified immunity, granted partial summary judgment, and dismissed Plaintiffs' claims against the officers. The City of Dallas then moved to dismiss Plaintiffs' *Monell* claims, and the district court granted the motion to dismiss based on its determination that the officers did not violate Plaintiffs' constitutional rights. Plaintiffs now appeal.

## II. DISCUSSION

"We review a summary judgment *de novo,* 'using the same standard as that employed by the district court under Rule 56.'" *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012) (quoting *Kerstetter v. Pac. Sci. Co.*, 210 F.3d 431, 435 (5th Cir. 2000)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party," and a "fact issue is 'material' if its resolution could affect the outcome of the action." *Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013). "Because this case arises in a summary judgment posture, we view the facts in the light most favorable to [Blair], the nonmoving party." *City & Cty. of S.F. v. Sheehan*, 135 S. Ct. 1765, 1769 (2015). In other words, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Under the doctrine of qualified immunity, public officials are immune from suit under § 1983 unless their conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry." *Tolan*, 134 S. Ct. at 1865; *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Under the first prong, a court decides "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Under the second prong, "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id*. A "defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). "Courts have discretion to decide the order in which to engage these two prongs." *Tolan*, 134 S. Ct. at 1866.

## A.    Excessive Force

Plaintiffs first contend that factual disputes exist with regard to whether the officers' use of force against Blair was objectively reasonable. A claim of excessive force in the course of a seizure or arrest is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)). Thus, under the first prong of the qualified immunity analysis, the district court was required to determine whether the facts Blair alleged made out "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and that (3) the force used was objectively unreasonable." *Hogan v. Cunningham*, 722 F.3d 725, 734 (5th Cir. 2013) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)). "The first step in assessing the constitutionality of [the officers'] actions is to determine the relevant facts."

*Scott*, 550 U.S. at 378; *see also Tolan*, 134 S. Ct. at 1866. A "'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan*, 134 S. Ct. at 1866 (quoting *Anderson*, 477 U.S. at 249). Summary judgment is appropriate only if there are no genuine disputes as to the material facts. *Id.* "[O]nce we have determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record*, . . . the reasonableness of [the officers'] actions . . . is a pure question of law." *Scott*, 550 U.S. at 381 n.8.

Although Blair notes that there are factual disputes in the record regarding "Blair's demeanor towards the officers" and "whether Blair pointed the flashlight at the officers before they opened fire," he goes on to state that these factual disputes are "not relevant to the arguments presented in this appeal." Instead of arguing the district court disregarded these factual issues or failed to view the evidence in the light most favorable to him, Blair confines his appeal to the argument that the district court improperly disregarded an expert affidavit. This contention alone is unavailing.

The Supreme Court has made clear that "so long as 'a reasonable officer could have believed that his conduct was justified,' a plaintiff cannot 'avoi[d] summary judgment by simply producing an expert's report that an officer's conduct *leading up to* a deadly confrontation was imprudent, inappropriate, or even reckless.'" *Sheehan*, 135 S. Ct. at 1777 (emphasis added) (quoting *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002)); *see also Bazan ex rel. Bazan v. Hidalgo Cty.*, 246 F.3d 481, 493 (5th Cir. 2001) ("The excessive force inquiry is confined to whether the [officer] was in danger *at the moment of the threat* that resulted in the [officer's use of force].").  The affidavit from William P. Flynn, a former law enforcement officer and an instructor at a police academy, primarily discusses whether the actions taken by the officers *before*

they fired their weapons were reasonable. With respect to the shooting itself, the affidavit states that "during the actual shooting . . . both Officer Cantu's and Officer Aquino's conduct against David Blair . . . was objectively unreasonable, unconstitutional and contrary to recognized and practiced police policies and procedures." However, the affidavit does not explain why it may have been unreasonable for the officers to believe they were in danger when Blair opened his apartment door with flashlight in hand.

Moreover, "[e]ven if an officer acts contrary to her training, . . . that does not itself negate qualified immunity where it would otherwise be warranted." *Sheehan*, 135 S. Ct. at 1777. Flynn's affidavit argues that the officers acted contrary to recognized police policies and procedures, but that contention is not enough by itself to create a material fact issue. Accordingly, we hold that Blair has failed to demonstrate that there is a genuine dispute as to any material fact.

## B.    Wrongful Seizure

Plaintiffs next contend that the district court erred in dismissing their claims that Oliver and D.O. were wrongfully seized. They argue that Oliver and D.O. were unable to leave the apartment when the officers fired the shots and that this restriction on Oliver and D.O.'s freedom of movement constituted an unreasonable seizure within the meaning of the Fourth Amendment. The Supreme Court has explained that a seizure occurs for purposes of the Fourth Amendment "only when there is a governmental termination of freedom of movement *through means intentionally applied*." *Brower v. Cty. of Inyo*, 489 U.S. 593, 596–97 (1989). "A seizure occurs even when an unintended person or thing is the object of the detention or taking, but the detention or taking itself must be willful" and not merely the consequence of "an unknowing act." *Id.* at 596 (citations omitted). This is because "the Fourth Amendment addresses

'misuse of power,' not the accidental effects of otherwise lawful government conduct." *Id.* (quoting *Byars v. United States,* 273 U.S. 28, 33 (1927)).

Applying these principles, other circuits have typically concluded that "where the seizure is directed appropriately at the suspect but inadvertently injures an innocent person, the innocent victim's injury or death is not a seizure that implicates the Fourth Amendment because the means of the seizure were not deliberately applied to the victim." *Milstead v. Kibler*, 243 F.3d 157, 163–64 (4th Cir. 2001), *abrogated on other grounds by Pearson*, 555 U.S. at 235; *Childress v. City of Arapaho*, 210 F.3d 1154, 1157 (10th Cir. 2000) (holding that no seizure occurred when police officers shot at suspects and hit hostages); *Claybrook v. Birchwell*, 199 F.3d 350, 354, 359 (6th Cir. 2000) (holding that no seizure occurred when a stray bullet hit a bystander during a police gunfight); *Schaefer v. Goch*, 153 F.3d 793, 796–97 (7th Cir. 1998) (holding that no seizure occurred when a police officer shot at a suspect and hit a hostage); *Medeiros v. O'Connell*, 150 F.3d 164, 169 (2d Cir. 1998) (same); *Landol-Rivera v. Cruz Cosme*, 906 F.2d 791, 795 (1st Cir. 1990) (same).

In the instant case, there is no evidence that the officers knew Oliver and D.O. were inside the apartment when they fired the shots. As a result, it appears that the officers' use of force was not deliberately applied to Oliver and D.O. This Court has not yet weighed in on whether an officer's use of force in such a circumstance constitutes a seizure within the meaning of the Fourth Amendment. Thus, under the second prong of the qualified immunity analysis, it is apparent that any right that may have been violated was not clearly established at the time of the officers' alleged misconduct. We affirm the district court's grant of summary judgment dismissing the claim that Oliver and D.O. were wrongfully seized.

## C.   *Monell* **Claims**

Finally, the parties agree that the district court's dismissal of the *Monell* claims against the City of Dallas should only be reversed if this Court holds that the district court improperly granted summary judgment on any of the claims discussed above. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (holding that there cannot be municipal liability under § 1983 absent an underlying constitutional violation). Because Plaintiffs have failed to demonstrate that the district court improperly granted summary judgment, we affirm the district court's dismissal of the *Monell* claims.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment and dismissal of Plaintiffs' claims.